FLETCHER & LEE
Elizabeth Fletcher, Esq.
Nevada Bar No. 10082
Christi T. Dupont, Esq.
Nevada Bar No. 15537
448 Ridge Street
Reno, Nevada 89501
Telephone:  775.324.1011
Email: efletcher@fletcherlawgroup.com
Email: cdupont@fletcherlawgroup.com

*Proposed Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re:<br><br>RENO CITY CENTER OWNER, LLC<br><br>Debtor. | Case No. 24-50152-hlb<br><br>Chapter 11<br><br>**APPLICATION TO EMPLOY FLETCHER & LEE, LTD. AS GENERAL BANKRUPTCY COUNSEL**<br><br>Hearing Date:   March 27, 2024<br>Hearing Time:   2:30 p.m. |
|---|---|

Reno City Center Owner, LLC, Debtor and Debtor in Possession (the "Debtor"), applies to this Court pursuant to 11 U.S.C. §327(a), 328, 330 and 331 and 1107 and Fed. R. Bankr. P. 2014(a), 2016(b) and 5002 for an Order approving Debtor's employment of the law firm of Fletcher & Lee, Ltd. ("F&L") as its general bankruptcy counsel.

In support of this Application, the Debtor submits the following memorandum of points and authorities and the attached exhibit, the Declaration of Elizabeth Fletcher, Esq. (the "Fletcher Declaration"), and the papers and pleadings on file in this case of which the Debtor asks this Court to take judicial notice. Fed. R. Evid. 201.

**I.    JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicate for the relief sought herein is 11 U.S.C. §§327(a),

328, 330, 331, and 1107.

## II. STATEMENT OF FACTS

1. On February 16, 2024 (the "Petition Date"), the Debtor filed its voluntary petition under Chapter 11 of the United States Code (the "Bankruptcy Code") and commencing the above-captioned Chapter 11 case (the "Case"). Docket No. 1.

2. The Debtor was established in Delaware in April of 2022 and is a holding company for certain real property parcels currently under development in Reno, Nevada, approximately located at the address commonly known as 219 N. Center Street, Reno, Nevada 89501.

3. The Debtor, a Delaware limited liability company, is wholly owned by a single member, Reno City Mezzanine Borrower, LLC, a Delaware limited liability company. In turn, Reno City Mezzanine Borrower, LLC is wholly owned by a single member, Reno City Center, LLC, a Nevada limited liability company. Both the Debtor and Reno City Mezzanine Borrower, LLC are managed by Reno City Center, LLC, which, in turn, is managed by RCC Manager, LLC, an Idaho limited liability company, which, in turn, is managed by GPWM QOF Manager, LLC, an Idaho limited liability company. The Managing Members of GPWM QOF Manager, LLC are Kirk Walton and Philip Oleson.

4. The Debtor's largest creditor is ACORE Capital Management, LP, whose administrative agent is Delphi CRE Funding, LLC under a loan agreement secured by the Debtor's real properties.

5. Prior to 2022, the real property was owned by Reno City Center, LLC; however, both the Debtor and Reno City Mezzanine Borrower, LLC, were formed at the request of ACORE, the secured creditor, as part of the financing transaction in which the Debtor and Reno City Mezzanine Borrower, LLC became the borrowers. Only the Debtor holds title to the real property.

6. The development project for the real properties owned by the Debtor is managed and operated by Reno City Center, LLC. The Debtor has no employees.

7. Since the Petition Date, the Debtor has retained possession of its assets and is authorized to operate and manage its business as a Debtor-in-Possession under 11 U.S.C. §§1107 and 1108.

8. No trustee has been appointed herein and Debtor acts as Debtor-in-Possession. No official committee or creditors holding unsecured claims, or any other committees, have been appointed under 11 U.S.C. §1102 in the Case.

### III. PROPOSED COUNSEL

9. The Debtor seeks to retain F&L as its general bankruptcy counsel in connection with the commencement and prosecution of the Case, and desires to retain F&L for duties including but not limited to the following matters:

    a. Assist the Debtor with its rights, powers, and duties as debtor and debtor in possession in the continued management of its business;

    b. Assist the Debtor with reviewing and consummating any transactions contemplated during the Case;

    c. Assist the Debtor with resolving and, where necessary, estimating claims and evaluating liens;

    d. Investigate, commence and prosecute litigation as necessary or appropriate to protect assets of the estate or further the goal of completing a successful chapter 11 reorganization;

    e. Examine and prepare records and reports as required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rules;

    f. Prepare all necessary motions, papers, orders, schedules, notices, report, and other documents and advise the Debtor on these matters;

    g. Advise the Debtor regarding collecting assets for the benefit of creditors;

    h. Advise the Debtor regarding executory contracts and unexpired leases;

    i. Advise and assist the Debtor in connection with the formulation and confirmation of a chapter 11 plan and related documents;

    j. Employ all methods of alternative dispute resolutions as applicable, to include negotiations with creditors and interested parties, to further the goal of completing a successful chapter 11 reorganization; and

    k. Perform all other necessary legal services in connection with the chapter 11 case and related matters.

10. The Debtor has conferred with F&L and desires to retain it to perform the above-described legal services in the administration and reorganization of this estate, pursuant to 11 U.S.C. §327(a).

11. The Debtor selects Elizabeth Fletcher, Esq. and Christi Dupont, Esq. of the law firm

Fletcher & Lee, Ltd. because of the extensive experience and knowledge in the fields of business, bankruptcy, corporate, reorganization, and creditors' and debtor's rights law. Accordingly, the Debtor believes that these attorneys are well qualified to represent it in this Chapter 11 reorganization case.

12. The terms of employment of F&L to which the Debtor has agreed, subject to subsequent approval by this Court under 11 U.S.C. §§329 and 330, are as follows: the Debtor will compensate F&L on an hourly basis at the rates customarily charged by the attorneys and paralegals who render professional services in this case, to wit:

| | |
|---|---|
| Cecilia Lee, Esq. | $575.00 per hour[1] |
| Elizabeth Fletcher, Esq. | $475.00 per hour |
| Christi T. Dupont, Esq. | $350.00 per hour |
| Liz Dendary, ACP | $205.00 per hour |

These hourly rates are subject to periodic adjustments to reflect economic and other conditions, and, on occasion, to reflect each attorney's increased experience and expertise in the area of these matters.

13. Prior to the filing of the petition, F&L received a retainer of $50,000.00, of which $30,000 was paid by Reno City Center, LLC and $20,000 was paid by GPWM QOF Manager, LLC on behalf of the Debtor. Fletcher Declaration. F&L applied a portion of the retainer to the pre-petition fees and costs incurred and is now currently holding $8,744.50 in F&L's client trust account. The Debtor requests that any court approved fees and costs first be satisfied from the $8,744.50 retainer that F&L holds in trust and, thereafter, that all approved fees and costs incurred by F&L shall be satisfied by payment from Reno City Center, LLC. Id.

14. F&L attempts to maintain a "paperless" office, as a result of which the office will maintain most records pertaining to the representation of the Debtor in electronic format only. At the conclusion of the representation, F&L will return any of the Debtor's original documents to

---

[1] Cecilia Lee, Esq. is Of Counsel with Fletcher & Lee, Ltd. and will not be actively working on the present case; however, the Debtor may, on occasion, consult with Ms. Lee. As such, her rate is included herein.

the Debtor and will otherwise continue to maintain an electronic copy of the remainder of the file. In seeking approval of the employment of F&L in this Application, the Debtor consents to and seeks approval of these procedures. Id.

15. To the best of the Debtor's knowledge, F&L and its attorneys do not have any connection with the Debtor, its creditors or any other party in interest, or their respective attorneys or accountants, the United States Trustee, or any person in the office of the United States Trustee, other than as follows:

    a. In addition to representing the Debtor before the petition was filed for purposes of preparing the petition, F&L was retained by the Debtor's related entities, as follows: (i) Reno City Mezzanine Borrower, LLC, the 100% member of the Debtor; (ii) Reno City Center, LLC, the 100% member of Reno City Mezzanine Borrower, LLC as well as the Manager of both the Debtor and Reno City Mezzanine Borrower, LLC; (iii) RCC Manager, LLC, the manager of Reno City Center, LLC; and (iv) GPWM QOF Manager, LLC, the manager of Reno City Center Manager, LLC. These entities have interests that are aligned with the Debtor's interests in seeking to complete the development project for the real properties owned by the Debtor because, prior to 2022, the real property was owned by and the development project was operated by Reno City Center, LLC. To date, there are no known conflicts between any of the aforementioned affiliated entities.

    All entities have been informed of potential conflicts of interest, were advised to consult independent counsel with respect to potential conflicts of interest and waived any potential conflicts of interest. If F&L identifies any potential conflicts of interest between the Debtor and one or more of the above-listed entities, the Debtor will retain separate conflicts counsel to represent it in any such matter.

    b. F&L has represented and currently represents certain chapter 7 and chapter 11 Nevada panel trustees in unrelated cases formerly pending or currently pending before this Court.

    c. F&L, Ms. Fletcher and Ms. Dupont have ordinary business relationships with entities that may be reflected on the Debtor's schedules and statements, including vendor relationships with local utilities such as NV Energy and Truckee Meadows Water Authority.

Fletcher Declaration.

16. To the best of the Debtor's knowledge, information and belief, F&L does not hold

or represent any interest adverse to the estate. F&L does not believe that any of the above connections affect its disinterestedness. F&L is a "disinterested" person as defined in 11 U.S.C. §101(14) as modified by 11 U.S.C. §1107(b). Fletcher Declaration.

17. 11 U.S.C. §327(a) provides that the Debtor is authorized, with the Court's approval, to employ "attorneys … that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent" the Debtor. The Debtor believes that these standards are satisfied and requests that this Court authorize the employment of F&L as its general bankruptcy counsel.

18. F&L will make application for compensation in accordance with the applicable provisions of the Bankruptcy Code and Rules and payment of F&L's fees and costs will be subject to approval by this Court at a duly noticed application for approval of fees and costs pursuant to 11 U.S.C. §330. F&L intends to separately seek Court authorization for monthly interim compensation in this case; however, the Court's approval or denial of any such monthly fee request will not affect F&L's agreement to act as Debtor's general bankruptcy counsel under the terms set forth above.

19. A copy of the proposed Order granting this Application is attached hereto as Exhibit A.

///

///

///

## IV. CONCLUSION

For these reasons and on these grounds, the Debtor respectfully requests that this Court enter an order, in the form attached hereto as Exhibit A, approving the Debtor's employment of the law firm of Fletcher & Lee as its general bankruptcy counsel.

DATED this 23rd day of February, 2024.

                                              FLETCHER & LEE

                                              /s/ Elizabeth Fletcher, Esq.
                                              ELIZABETH FLETCHER, ESQ.

Reno City Center Owner, LLC
A Delaware limited liability company

    By: Reno City Mezzanine Borrower, LLC,
    a Delaware limited liability company,
    its Sole Member

        By: Reno City Center, LLC,
        a Nevada limited liability company,
        its Sole Member and Manager

            By: RCC Manager LLC,
            an Idaho limited liability company,
            its Manager

                By: GPWM QOF Manager LLC,
                an Idaho limited liability company,
                its Manager

                /s/ Kirk Walton
                By: Kirk Walton, Co-Managing Member of
                GPWM QOF Manager LLC

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I certify under penalty of perjury that I am an employee of Fletcher & Lee, 448 Ridge Street, Reno, Nevada 89501, and that on February 23, 2024, I served the Application to Employ Fletcher & Lee, Ltd. as General Bankruptcy Counsel by ECF to all those persons registered with the United States Bankruptcy Court for electronic notice in this matter as follows:

CHAPTER 11 - RN
USTPRegion17.RE.ECF@usdoj.gov

ELIZABETH A. FLETCHER on behalf of Debtor RENO CITY CENTER OWNER LLC
efletcher@fletcherlawgroup.com,
edendary@fletcherlawgroup.com;epaulson@fletcherlawgroup.com

TIMOTHY A LUKAS on behalf of Creditor Delphi CRE Funding LLC
ecflukast@hollandhart.com

U.S. TRUSTEE - RN - 11
USTPRegion17.RE.ECF@usdoj.gov

DATED this 23rd day of February, 2024.

/s/ Elizabeth Dendary, ACP
ELIZABETH DENDARY, ACP
Advanced Certified Paralegal

8

# EXHIBIT A

FLETCHER & LEE
Elizabeth Fletcher, Esq.
Nevada Bar No. 10082
Christi T. Dupont, Esq.
Nevada Bar No. 15537
448 Ridge Street
Reno, Nevada 89501
Telephone:  775.324.1011
Email:  efletcher@fletcherlawgroup.com
Email: cdupont@fletcherlawgroup.com

*Proposed Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No. 24-50152-hlb |
| | Chapter 11 |
| RENO CITY CENTER OWNER, LLC | **ORDER GRANTING APPLICATION TO EMPLOY FLETCHER & LEE, LTD. AS GENERAL BANKRUPTCY COUNSEL** |
| Debtor. | |
| | Hearing Date:  March 27, 2024 |
| | Hearing Time: 2:30 p.m. |

This matter came before this Court on the duly-noticed Application to Employ Fletcher & Lee as General Bankruptcy Counsel (the "Application"), filed on behalf of Reno City Center Owner, LLC, Debtor and Debtor in Possession (the "Debtor"). Elizabeth Fletcher, Esq., Fletcher & Lee, appeared on behalf of the Debtor. Other appearances were noted on the record as appropriate.

This Court considered the Application, the Declaration of Elizabeth Fletcher filed in support

of the Application, and the papers and pleadings on file in this case of which the Court to take judicial notice. Fed. R. Evid. 201. This Court finds that due and proper notice of the Application was provided, and that cause exists to grant the Application for the reasons and on the grounds stated therein, which this Court adopts as its own. This Court finds that Fletcher & Lee does not hold or present any interest adverse to the estate and that it is a "disinterested" person as such term is defined by 11 U.S.C. §101(14). This Court finds that the employment of Fletcher & Lee as general bankruptcy counsel for the Debtor is in the best interest of the Debtor and its estate and creditors.

This Court further finds and concludes that Fletcher & Lee's fees and costs will be subject to subsequent approval by this Court at a duly noticed application for approval of fees and costs pursuant to 11 U.S.C. §330.

WHEREFORE, good cause appearing,

IT IS HEREBY ORDERED that the Application is GRANTED in its entirety.

IT IS HEREBY FURTHER ORDERED that pursuant to 11 U.S.C. §327(a), Fed. R. Bankr. P. 2014 and 2016(b) and Local Rule 2014, the Debtor's employment and retention of Fletcher & Lee as its general bankruptcy counsel on the terms set forth in the Application is APPROVED.

IT IS HEREBY FURTHER ORDERED that at the conclusion of the representation, Fletcher & Lee will return any of the Debtor's original documents to the Debtor and will otherwise maintain an electronic copy only of the remainder of the file.

IT IS FINALLY HEREBY ORDERED that the payment of Fletcher & Lee's fees and costs will be subject to subsequent approval by this Court at a duly noticed application for approval of fees and costs pursuant to 11 U.S.C. §330.

Submitted by:

FLETCHER & LEE

/s/ Elizabeth Fletcher, Esq.
ELIZABETH FLETCHER, ESQ.

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that:

    _____    The court has waived the requirement set forth in LR 9021(b)(1).

    _____    No party appeared at the hearing or filed an objection to the motion.

    _____    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

    _____    I certify that this is a case under Chapter 7 or 13, that I have served a copy of the form of this order with the motion pursuant LR 9014(g), and that no party has objected to the form or content of the order.

DATED this 23rd day of February, 2024.

                FLETCHER & LEE

                /s/ Elizabeth Fletcher, Esq.
                ELIZABETH FLETCHER, ESQ.

###