FLETCHER & LEE
Elizabeth Fletcher, Esq.
Nevada Bar No. 10082
Christi T. Dupont, Esq.
Nevada Bar No. 15537
448 Ridge Street
Reno, Nevada 89501
Telephone: 775.324.1011
Email: efletcher@fletcherlawgroup.com
Email: cdupont@fletcherlawgroup.com

*Proposed Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re: | Case No. 24-50152-hlb |
|---|---|
| RENO CITY CENTER OWNER, LLC | Chapter 11 |
| Debtor. | **MOTION FOR ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM MONTHLY PAYMENT OF EXPENSES OF PROFESSIONALS** |
| | Hearing Date: March 27, 2024<br>Hearing Time: 2:30 p.m. |

Reno City Center Owner, LLC, Debtor and Debtor in Possession in the above captioned Chapter 11 case (the "Debtor"), by and through proposed counsel of record, Fletcher & Lee, Ltd. ("F&L"), hereby files this motion (the "Motion") for entry of an order establishing procedures for interim monthly payment of expenses of estate Professionals (as defined herein).

This Motion is made and based upon the following memorandum of points and authorities set forth below, the pleadings and papers contained in this Court's file, the Declaration of Elizabeth Fletcher, Esq. (the "Fletcher Declaration") submitted contemporaneously with this Motion, the judicial notice of which is respectfully requested pursuant to Fed. R. Evid. 201, and any evidence or oral argument presented at the time of the hearing on this Motion.

**I.     JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is

a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief sought herein is 11 U.S.C. §§105(a), 331, 1107(a), and Fed. R. Bankr. P. 2016(a).

## II.  STATEMENT OF FACTS

1. On February 16, 2024 (the "Petition Date"), the Debtor filed its voluntary petition under Chapter 11 of the United States Code (the "Bankruptcy Code") and commencing the above-captioned Chapter 11 case (the "Case").  Docket No. 1.

2. On February 16, 2024, this Court issued the Notice of Chapter 11 Bankruptcy Case and set the time for meeting of creditors for March 25, 2024 at 2:00 p.m., amongst issuance of other pertinent deadlines.

3. The Debtor continues to operate as debtor-in-possession pursuant to Section 1107(a) and 1108 of the Bankruptcy Code.

4. To date, the Office of the United States Trustee for Region 17 has not appointed a committee of unsecured creditors per 11 U.S.C. §1102 in this Case.

5. Neither a trustee nor an examiner has been appointed by the Office of the United States Trustee in this Case.

6. A detailed description of the Debtor's financial obligations, background events precipitating the Petition, and other pertinent matters are preliminarily set forth in the Statement of Facts within the *Application to Employ Fletcher & Lee, Ltd. As General Bankruptcy Counsel* (the "Application").

## III.  PROPOSED INTERIM MONTHLY PAYMENT PROCEDURES

7. The Debtor filed the Application to Employ F&L as its desired reorganization counsel and intends to file additional applications for permission to employ additional professionals on behalf of their estate (referred to collectively as the "Professionals"). Such additional applications may include, but will not be limited to, co-general bankruptcy counsel and a request for permission to hire a Chief Restructuring Officer.

8. The Debtor herein requests the entry of an order authorizing and establishing procedures for interim monthly payment, or compensation and reimbursement, of the

2

Professionals' expenses, similar to standard procedures regularly approved by this District and the Ninth Circuit in other comparable Chapter 11 cases. Such an order will empower the parties in interest to meticulously monitor the Professionals' fees incurred in these Chapter 11 cases, assist the Debtor in managing and maintaining reasonable cash flow, and enable the Debtor to accurately forecast the administrative costs necessary in this Case.

9. The Debtor proposes that this Court require all interested people or entities, not including the Professionals, who seek professional compensation from the Debtor pursuant to Bankruptcy Code Section 503(b) be required to abide by the compensation procedures delineated herein except as otherwise ordered by this Court.

10. Debtor proposes the following structured procedure for interim monthly payment for compensation and reimbursement of expenses, costs, and fees due to the Professionals (the "Payment Procedures").

   a. On or before the 15th day of each month that follows the month for which the Professionals seek payment, the Professionals will submit a monthly statement (the "Statement") via electronic correspondence to the following parties (the "Reviewing Party" or collectively, the "Reviewing Parties"):

      i. Debtor, Attn: Kirk Walton (kirk@gpwmfunds.com) and Philip Oleson (philip@gpwmfunds.com);

      ii. Debtor's bankruptcy counsel, Fletcher & Lee, Ltd., Attn: Elizabeth Fletcher, Esq. (efletcher@fletcherlawgroup.com, cdupont@fletcherlawgroup.com, and edendary@fletcherlawgroup.com);

      iii. Office of the United States Trustee for the District of Nevada, Attn: Jared Day, Esq.; and

      iv. Such other persons or entities as ordered by this Court.

   b. If applicable, each Statement shall contain a detailed itemized ledger of costs and fees pursuant to the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under Section 330 of the Bankruptcy Code. Every Reviewing Party will have

fifteen (15) days after receipt of the Statement to review it. At the end of the 15-day review period, the Debtor will promptly pay eighty percent (80%) of the total fees and all of the requested disbursements requested in the Statement, excluding any fees or disbursements that a Reviewing Party has objected to as provided in subparagraph (c) below.

c. If a Reviewing Party objects to any of the fees or disbursements requested in the Statement, that Reviewing Party shall serve a written Notice of Objection to Fee Statement (the "Objection Notice") upon all other Reviewing Parties via e-mail within fifteen (15) days of receipt of the Statement. The Objection Notice shall state the nature and basis of the objection, together with the amount at issue. The objecting Reviewing Party and the Professional who submitted the subject disputed Statement shall attempt to resolve the objection together. If the parties cannot resolve the objection within ten (10) days after receipt of the Objection Notice, the Professional whose Statement is disputed may: (i) file the Objection Notice with this Court, together with a request for payment of the disputed amount, or (ii) forego payment of the disputed amount until the next hearing on interim fee applications, at which time this Court will consider and adjudicate the disputed payment issue. Otherwise, the Debtor shall promptly pay any portion of the payment requested that is not subject to the Objection Notice.

d. If this Court approves the proposed Payment Procedures, the Professionals shall submit the first Statement covering the time from the Petition Date through March 31, 2024, on or before April 15, 2024.

e. After the first 120 days following the Petition Date, and at subsequent 120-day intervals, with a thirty (30) day grace period, each Professional shall file and serve an application pursuant to Section 331 for interim approval and allowance of the Debtor's payment of itemized expenses. Any Professional failing to file a timely application will be ineligible to receive payments for

4

costs, fees, or disbursements until that Professional submits an application that conforms to the Compensation Procedures.

 f. A pending objection to a Professional's payment request shall not preclude future payment of compensation or reimbursement to that Professional as set forth in the Compensation Procedures.

 g. Neither the payment of, nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement as provided in the Payment Procedures shall bind any party in interest or the Court with respect to the allowance of applications for payment of Professionals. Neither the Payment Procedures nor any payment made pursuant to the Payment Procedures shall be construed as: (i) an admission of the validity of any claim against the Debtor; (ii) a waiver of the Debtor's or any party in interest's right to dispute any claim; or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under Section 365 of the Bankruptcy Code.

11. Neither the Payment Procedures nor any payment made per the Payment Procedures shall be construed as: (i) an admission of the validity of any claim against the Debtor; or (ii) a waiver of the Debtor or any other party in interest's right to dispute any claim.

## IV.   <u>LEGAL ARGUMENT</u>

Section 331 of the Bankruptcy Code provides that:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331 (emphasis added). Thus, absent an order of this Court, Section 331 limits the Professionals rendering services in Debtors' Chapter 11 Cases to allowance and payment of fees and expenses on a quarterly basis.

5

Section 331, however, expressly contemplates that a bankruptcy court permit payment for compensation or reimbursement more frequently than every 120 days after an order for relief, and in enacting Section 331, Congress explained:

> The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent payments. The court is authorized to allow and order disbursement to the applicant of compensation and reimbursement that is otherwise allowable under Section 330.[1]

Further, Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

As such, courts regularly enter orders establishing professional compensation procedures that vary from those procedures set forth in Section 331, including interim monthly payments in cases that are large or particularly complex. In re Knudsen Corp., 84 B.R. 668 (B.A.P. 9th Cir. 1988); In re Commercial Consortium of Cal., 135 B.R. 120 (Bankr. S.D. Cal. 1991). In In re Knudsen, the Ninth Circuit Bankruptcy Appellate Panel held that the bankruptcy court may authorize professional compensation procedures similar pursuant to the following findings:

> 1. The case is an unusually large one in which an exceptionally large amount of fees accrue each month;
>
> 2. The court is convinced that waiting an extended period for payment would place an undue hardship on counsel;
>
> 3. The court is satisfied that counsel can respond to any reassessment in one or more of the ways listed above; and
>
> 4. The fee retainer procedure is, itself, the subject of a noticed hearing prior to any payment thereunder.

In re Knudsen, 84 B.R. at 672–73. Regarding ng the second factor, the Knudsen court stated that:

> The ability to recover fees may be assured by a variety of methods including, without limitation, the following: retainer payments are for only a percentage of the amount billed so that the likelihood or necessity of repayment is minimal; counsel can post a bond covering

---

[1] H.R. Rep. No. 595, 95th Cong., 1st Sess. 300 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 4142 (1978).

6

any possible reassessment; counsel's financial position makes it certain that any reassessment can be repaid; funds paid prior to allowance are held in a trust account until a final or interim fee allowance is made.

Id.

Moreover, the Bankruptcy Court for the District of Nevada routinely grants interim monthly compensation procedures consistent with those the Debtors are requesting here in business restructuring cases of similar size and complexity to the Debtors' Chapter 11 Cases. In re Riviera Holdings Corporation, Case No. 10-22910-LBR, ECF No. 148 (Bankr. D. Nev. 2010); In re Zante, Inc., Case No. 09-50746-GWZ, ECF No. 305 (Bankr. D. Nev. 2009); In re Lake at Las Vegas Joint Venture, LLC, Case No. BK-S-08-17814-LBR, ECF No. 490 (Bankr. D. Nev. 2008).

Here, the Debtor anticipates that this Chapter 11 case will necessitate a substantial volume of comprehensive and complex professional work, and thereby the accrual of fees by the Debtor's Professionals in amounts large enough to unduly burden the Professionals during the extended period before approval of interim fee applications. Moreover, in light of the financial positions of the Professionals, to the extent necessary, fees would be recoverable.

Finally, the requested Payment Procedures will assist the Debtor and all interested parties in interest in meticulously monitoring the costs of administration and enable the Debtor to maintain reasonable cash flow, implement efficient cash management procedures, and prepare accurate forecasts.

///

///

///

## V. CONCLUSION

Wherefore, for these reasons and on these grounds, the Debtor respectfully requests that this Court enter an order, substantially in the form attached hereto as Exhibit A, establishing the requested Payment Procedures for interim monthly payment of expenses of Professionals and granting such and further relief as this Court deems equitable, just and proper.

DATED this 23rd day of February, 2024.

FLETCHER & LEE

/s/ Elizabeth Fletcher, Esq.
ELIZABETH FLETCHER, ESQ.
CHRISTI T. DUPONT, ESQ.

*Proposed Attorneys for Debtors*

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I certify under penalty of perjury that I am an employee of Fletcher & Lee, 448 Ridge Street, Reno, Nevada 89501, and that on February 23, 2024, I served the Motion for Administrative Order Establishing Procedures for Interim Monthly Payment of Expenses Of Professionals by ECF to all those persons registered with the United States Bankruptcy Court for electronic notice in this matter as follows:

CHAPTER 11 - RN
USTPRegion17.RE.ECF@usdoj.gov

ELIZABETH A. FLETCHER on behalf of Debtor RENO CITY CENTER OWNER LLC
efletcher@fletcherlawgroup.com,
edendary@fletcherlawgroup.com;epaulson@fletcherlawgroup.com

TIMOTHY A LUKAS on behalf of Creditor Delphi CRE Funding LLC
ecflukast@hollandhart.com

U.S. TRUSTEE - RN - 11
USTPRegion17.RE.ECF@usdoj.gov

DATED this 23rd day of February, 2024.

/s/ Elizabeth Dendary, ACP
ELIZABETH DENDARY, ACP
Advanced Certified Paralegal

# EXHIBIT A

FLETCHER & LEE
Elizabeth Fletcher, Esq.
Nevada Bar No. 10082
Christi T. Dupont, Esq.
Nevada Bar No. 15537
448 Ridge Street
Reno, Nevada 89501
Telephone:  775.324.1011
Email: efletcher@fletcherlawgroup.com
Email: cdupont@fletcherlawgroup.com

*Proposed Attorneys for Debtor*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>RENO CITY CENTER OWNER, LLC<br><br>Debtor. | Case No. 24-50152-hlb<br><br>Chapter 11<br><br>**[*PROPOSED*] ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM MONTHLY PAYMENT OF EXPENSES OF PROFESSIONALS**<br><br>Hearing Date:    March 27, 2024<br>Hearing Time:    2:30 p.m. |

Upon the Motion of Reno City Center Owner, LLC, the debtor and debtor-in-possession in the above captioned Chapter 11 case (the "Debtor"), by and through its proposed counsel of record, Fletcher & Lee, Ltd., for the entry of an Administrative Order Establishing Procedures for Interim Monthly Payment of Expenses of Professionals; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best

interests of the Debtor, the estate, its creditors, and other parties-in-interest; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C., § 157(b); and it appearing that this Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. § 1334; and it appearing that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion was given under these particular circumstances and that no other or further notice is necessary; and after due deliberation thereon, and good and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED** that the Motion is **GRANTED**;

**IT IS FURTHER ORDERED** that the procedure for interim monthly payment of expenses of the Professionals (the "Payment Procedures") shall be as follows, unless otherwise ordered by this Court:

   a. On or before the 15th day of each month that follows the month for which the Professionals seek payment, the Professionals will submit a monthly statement (the "Statement") via electronic correspondence to the following parties (the "Reviewing Party" or collectively, the "Reviewing Parties"):

   i. Debtor, Attn: Kirk Walton (kirk@gpwmfunds.com) and Philip Oleson (philip@gpwmfunds.com);

   ii. Debtor's bankruptcy counsel, Fletcher & Lee, Ltd., Attn: Elizabeth Fletcher, Esq. (efletcher@fletcherlawgroup.com, cdupont@fletcherlawgroup.com, and edendary@fletcherlawgroup.com);

   iii. Office of the United States Trustee for the District of Nevada, Attn: Jared Day, Esq.; and

   iv. Such other persons or entities as ordered by this Court.

   b. If applicable, each Statement shall contain a detailed itemized ledger of costs and fees pursuant to the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under Section 330 of the Bankruptcy Code. Every Reviewing Party will have fifteen (15) days after receipt of the Statement to review it. At the end of the

|    |    |    |
|----|----|----|
| 1  |    | 15-day review period, the Debtor will promptly pay eighty percent (80%) of |
| 2  |    | the total fees and all of the requested disbursements requested in the |
| 3  |    | Statement, excluding any fees or disbursements that a Reviewing Party has |
| 4  |    | objected to as provided in subparagraph (c) below. |
| 5  | c. | If a Reviewing Party objects to any of the fees or disbursements requested in |
| 6  |    | the Statement, that Reviewing Party shall serve a written Notice of Objection |
| 7  |    | to Fee Statement (the "Objection Notice") upon all other Reviewing Parties |
| 8  |    | via e-mail within fifteen (15) days of receipt of the Statement. The Objection |
| 9  |    | Notice shall state the nature and basis of the objection, together with the |
| 10 |    | amount at issue. The objecting Reviewing Party and the Professional who |
| 11 |    | submitted the subject disputed Statement shall attempt to resolve the |
| 12 |    | objection together. If the parties cannot resolve the objection within ten (10) |
| 13 |    | days after receipt of the Objection Notice, the Professional whose Statement |
| 14 |    | is disputed may: (i) file the Objection Notice with this Court, together with |
| 15 |    | a request for payment of the disputed amount, or (ii) forego payment of the |
| 16 |    | disputed amount until the next hearing on interim fee applications, at which |
| 17 |    | time this Court will consider and adjudicate the disputed payment issue. |
| 18 |    | Otherwise, the Debtor shall promptly pay any portion of the payment |
| 19 |    | requested that is not subject to the Objection Notice. |
| 20 | d. | If this Court approves the proposed Payment Procedures, the Professionals |
| 21 |    | shall submit the first Statement covering the time from the Petition Date |
| 22 |    | through March 31, 2024, on or before April 15, 2024. |
| 23 | e. | After the first 120 days following the Petition Date, and at subsequent 120- |
| 24 |    | day intervals, with a thirty (30) day grace period, each Professional shall file |
| 25 |    | and serve an application pursuant to Section 331 for interim approval and |
| 26 |    | allowance of the Debtor's payment of itemized expenses. Any Professional |
| 27 |    | failing to file a timely application will be ineligible to receive payments for |
| 28 |    | costs, fees, or disbursements until that Professional submits an application |

that conforms to the Compensation Procedures.

  f. A pending objection to a Professional's payment request shall not preclude future payment of compensation or reimbursement to that Professional as set forth in the Compensation Procedures.

  g. Neither the payment of, nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement as provided in the Payment Procedures shall bind any party in interest or the Court with respect to the allowance of applications for payment of Professionals. Neither the Payment Procedures nor any payment made pursuant to the Payment Procedures shall be construed as: (i) an admission of the validity of any claim against the Debtor; (ii) a waiver of the Debtor's or any party in interest's right to dispute any claim; or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under Section 365 of the Bankruptcy Code.

**IT IS FURTHER ORDERED** that any Professionals approved by this Court and all persons (other than the Professionals) seeking professional compensation from the estate under Section 503(b) shall adhere to the procedures set forth herein for compensation and approval of their fees except as otherwise ordered by the Court.

**IT IS FURTHER ORDERED** that neither the payment of, nor the failure to pay, in whole or in part, monthly interim compensation or reimbursement to a Professional as provided in the Compensation Procedures shall bind any party in interest or this Court with respect to the allowance of applications for compensation and reimbursement of professionals.

**IT IS FURTHER ORDERED** that neither the Compensation Procedures nor any payment made pursuant to the Compensation Procedures shall be construed as: (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor or any party in interest's rights to dispute any claim; or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under Section 365 of the Bankruptcy Code.

**IT IS FURTHER ORDERED** that the failure of a party in interest to object to requested professional payment on an interim basis as set forth herein does not constitute consent to any

interim or final professional payment applications that might be made, it being expressly understood that all objections to interim or final allowance of professional payment are reserved until such interim or final fee applications, as applicable, are heard and decided by this Court.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**IT IS SO ORDERED**.

Respectfully Submitted,

FLETCHER & LEE

/s/ Elizabeth Fletcher, Esq.
ELIZABETH FLETCHER, ESQ.
CHRISTI T. DUPONT, ESQ.

*Proposed Attorneys for Debtor*

# LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

The court has waived the requirement set forth in LR 9021(b)(1).

No party appeared at the hearing or filed an objection to the motion.

I have delivered a copy of this proposed order to all counsel and any unrepresented parties who appeared at the hearing, except those as to whom review was waived on the record at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of this order.

DATED this 23rd day of February, 2024.

FLETCHER & LEE

/s/ Elizabeth Fletcher, Esq.
ELIZABETH FLETCHER, ESQ.
CHRISTI T. DUPONT, ESQ.

###